CLERKS OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 14 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RANDALL EARNEST PROFFITT, ) | |
| ) | Civil Action No. 7:13CV00179 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | By:   Hon. Glen E. Conrad |
| ) | Chief United States District Judge |
| Defendant. ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to establish entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Randall Earnest Proffitt, was born on July 30, 1957 and eventually reached the eleventh grade in school. Mr. Proffitt testified at the administrative hearing that he has received a vocational license or certificate for surface mining. Plaintiff has worked as a heavy equipment operator, primarily in coal mining operations, and as a utility man. He last worked on a regular and sustained basis in 2009. On October 18, 2010, Mr. Proffitt filed applications for disability insurance

benefits and supplemental security income benefits. Earlier applications for such benefits had proven unsuccessful. In filing his more recent claims, Mr. Proffitt alleged that he became disabled for all forms of substantial gainful employment on January 1, 2000, due to arthritis, anxiety, depression, personality disorder, diabetes, and back injury. At the time of the administrative hearing, plaintiff amended his application to reflect an alleged disability onset date of January 1, 2010. (TR 37). He now maintains that he has remained disabled to the present time. As to his claim for disability insurance benefits, the record reveals that plaintiff met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See generally, 42 U.S.C. §§ 414(i) and 423(a).

Mr. Proffitt's claims were denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated October 16, 2012, the Law Judge also determined that Mr. Proffitt is not disabled. The Law Judge found that plaintiff suffers from several impairments, including chronic back pain; chronic knee pain, especially on the left; arthritis; degenerative disc disease; chronic leg pain status post fracture; right leg pinched nerve with sciatica; shortness of breath with a history of right lung collapse; gout; high blood pressure; and concentration difficulty. (TR 19). The Law Judge further found that Mr. Proffitt's depression and anxiety do not constitute severe impairments. Because of Mr. Proffitt's various problems, the Law Judge found that plaintiff is disabled for his past relevant work as a heavy equipment operator. However, the Law Judge determined that plaintiff retains sufficient residual capacity to perform medium levels of work activity. Based on a residual functional capacity for medium levels of exertion, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge held that

Mr. Proffitt retains sufficient functional capacity to perform several medium work roles which exist in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Mr. Proffitt is not disabled, and that he is not entitled to benefits under either federal program. See 20 C.F.R. §§ 404.1520(g) and 416.920(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Proffitt has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. The medical evidence confirms that Mr. Proffitt suffers from a variety of physical problems, including degenerative arthritic process in his lower back and knees, breathing difficulty, gastroesophageal reflux disease, and a history of gout. Without question, plaintiff's most limiting condition consists of chronic low back pain related to advanced degenerative disc disease at L5-S1. While plaintiff's pain radiates into his right leg, the court believes that the Administrative Law Judge properly found that there is no "electrodiagnostic evidence of neuropathy." (TR 22). Likewise, there is no evidence of any significant mechanical

defect in either knee. Plaintiff's doctors have suggested that his pain is subject to some measure of control. No doctor has suggested that Mr. Proffitt is totally disabled. Indeed, there is no evidence of record which would suggest that plaintiff is unable to engage in the work of conveyor off bearer or machine feeder as proposed by the vocational expert at the administrative hearing. While the record is not especially well developed in this case, the court finds no basis upon which to dispute the Law Judge's finding of residual functional capacity for medium levels of exertion. It follows that the Commissioner's final decision denying plaintiff's entitlement to benefits is supported by substantial evidence.

On appeal to this court, plaintiff argues that the Administrative Law Judge failed to consider several assessments from a treating physician, Dr. Kenneth M. McIntyre. The medical record includes several notes from Dr. McIntyre which indicate that Mr. Proffitt complained of intractable and excruciating lower back pain. However, the court agrees that Dr. McIntyre's comments are not fully consistent with the reports of several specialists who completed much more thorough diagnostic testing. Furthermore, Dr. McIntyre indicated that Mr. Proffitt could expect to enjoy substantial relief from pain with proper medication and treatment. (TR 325). The court is simply unable to conclude that Dr. McIntyre's reports are inconsistent with the Law Judge's ultimate findings in plaintiff's case.

In connection with his appeal to this court, Mr. Proffitt has also submitted a number of new medical reports. Several of these reports document treatment for mental health issues. Mr. Proffitt argues that these records undercut the Law Judge's assumption that plaintiff had received no mental health treatment. Mr. Proffitt now seeks remand of his case to the Commissioner for consideration of these new mental health reports.

The court is unable to conclude that there is "good cause" for remand of this case to the Commissioner. The new evidence indicates that Mr. Proffitt received relatively conservative mental health treatment for a period of time in early 2012, after a referral by his probation officer. The reports include no clinical notations of significant depression or anxiety. In any event, the court believes that plaintiff has failed to make a showing as to why these mental health reports could not have been presented to the Commissioner at a time prior to the Administrative Law Judge's decision. In Borders v. Heckler, 777 F.2d. 954 (4th Cir. 1985), which generally governs the consideration to be accorded to new medical evidence submitted in connection with a motion for remand, it is clearly noted that "there must be good cause for the claimant's failure to submit the evidence when the claim was before the [Commissioner]." 777 F.2d at 955. It is true that Mr. Proffitt changed attorneys at some point after the issuance of the Law Judge's decision in his case. However, the court does not believe that this circumstance excuses the earlier failure to submit the mental health evidence for consideration by the Law Judge. While the court does not necessarily believe that the new evidence undercuts the Law Judge's finding of no severe mental health impairment, the court concludes that the motion to remand must be denied given the absence of any meaningful reason for failure to submit the new reports during the time of the administrative adjudication of this case.[1]

The court also notes that during the period of time between the issuance of the Law Judge's opinion and the adoption of such opinion as the final decision of the Commissioner, Mr. Proffitt

---

[1] In passing, the court observes that there is no support for the notion advanced by plaintiff that the Law Judge operated under the erroneous assumption that Mr. Profitt had received no mental health treatment. At one point in this opinion, the Law Judge merely mentioned that a state agency physician had commented on plaintiff's failure to submit to a "mental consultative examination," and that "the undersigned accords great weight to the [state agency physicians'] opinions." (TR 23). The Law Judge also commented on the absence of significant mental health findings in various reports from treating sources who saw Mr. Proffitt for other problems. (TR 23).

5

submitted new medical reports to the Appeals Council regarding his physical condition. The Appeals Council denied plaintiff's request for review despite the new medical reports which were generated several weeks after the Law Judge produced the opinion denying entitlement. The Appeals Council commented that the new evidence "does not affect the decision about whether you were disabled beginning on or before October 16, 2012." (TR 2). The new reports in question were not made part of the administrative record in this case. Recognizing that the treatment of such "interim evidence" may sometimes necessitate remand of a case to the Commissioner for further consideration, see Meyer v. Astrue, 662 F.3d 700 (4th Cir. 2011), the court requested that the parties tender the new reports directly to the court for consideration under the Borders standard. However, after reviewing these reports, the court concludes that they are merely cumulative and offer nothing new as to the severity of plaintiff's musculoskeletal problems. Accordingly, the court finds no cause for remand of this case to the Commissioner for further consideration of the medical records referenced by the Appeals Council.

There is one additional aspect of this case that is worthy of comment. The Administrative Law Judge's opinion reflects that, during the development of the record in this matter, Mr. Proffitt was directed to participate in both a mental consultative examination and a physical consultative examination. Plaintiff failed to appear for either examination.[2] (TR 22). In such circumstances, the court notes that it would have been appropriate for the Law Judge to deny plaintiff's claim based on his failure to take part in the consultative examinations. See 20 C.F.R. §§ 404.1518(a) and

---

[2] Mr. Proffitt testified that he did not receive any notice to appear for either consultative examination. (TR 43).

416.918(a). The court believes that plaintiff's failure to participate in these examinations diminishes his arguments regarding the evidence which is before the court.

In summary, the court finds substantial evidence in support of the Law Judge's resolution of all of the factual conflicts in this case. While Mr. Proffitt suffers serious musculoskeletal difficulties, there is simply no reason to believe that he cannot engage in the medium work roles envisioned by the vocational expert. It follows that the Commissioner's final decision in this case must be affirmed.

In affirming the Commissioner's final decision, the court does not suggest that Mr. Proffitt is free of all pain, discomfort, anxiety, and depression. Indeed, the medical record confirms that Mr. Proffitt suffers from a serious back condition which can be expected to cause significant discomfort. However, it must again be noted that no doctor has suggested that plaintiff is disabled for all forms of medium work activity. Indeed, one treating physician suggested that plaintiff's pain could be relieved in some measure through appropriate medication and treatment. It must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). While the evidence in this case is limited, caused in part by plaintiff's failure to participate in the consultative examinations, it appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record which is available, in adjudicating plaintiff's claims for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

The court notes that Mr. Proffitt continues to enjoy insured status for several months. If plaintiff believes that he is now disabled for more than light exertion, the appropriate course is for

him to file new applications, pursuant to which all his medical evidence, as well as appropriate consultative reports, may be considered in adjudicating his entitlement.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

ENTER: This 14th day of November, 2013.

/s/ Glen Conrad
Chief United States District Judge